IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL SALDAÑA, SR.,

    Plaintiff,

v.                                                     CIV 14-0259 KG/KBM

EDDY COUNTY COMMISSION
SECURITY FORCE, et al.,

    Defendant.

## ORDER DENYING APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Counsel *(Doc. 3)*.  Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.' " *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (*quoting Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).   Only in the extreme case where a lack of counsel results in fundamental unfairness is the appointment of counsel merited.   *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 115 (10th Cir. 2004).

      This is not such an extreme case.   The Court has reviewed the complaint and subsequent pleadings in light of the foregoing factors.   Plaintiff appears to understand the

issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the motion.

    Wherefore,

    IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel is **denied as premature**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE